Harry D. COMBS, Appellant,

v.

Caspar W. WEINBERGER, Secretary of
Health, Education and Welfare,
Appellee.

No. 74–1019.

United States Court of Appeals,
Fourth Circuit.

Submitted May 17, 1974.

Decided July 16, 1974.

Franklin W. Kern, Charleston, W. Va.,
on brief for appellant.

John A. Field, III, U. S. Atty., and Ray L. Hampton, II, Asst. U. S. Atty., on brief for appellee.

Before CRAVEN, BUTZNER and RUSSELL, Circuit Judges.

PER CURIAM:

Harry D. Combs filed an application for Social Security disability benefits in 1971. After a hearing, the administrative law judge held that he was disabled as of June 30, 1963, the date his insured status expired. The Appeals Council took up the case on its own motion and denied benefits. Combs brought an action for statutory review in the district court but lost on the Secretary's motion for summary judgment.

Combs, 42 years old at the time of the hearing, has an eighth-grade education. His work experience is limited to manual labor—picking slate on a coal tipple, driving trucks, and some railroad work. The medical evidence established that Combs had suffered before June 1963: (1) a fracture of the left wrist, 1948, with a residual twisting deformity; (2) a gunshot wound of the right thigh, 1951, with complications that required neurological surgery, leaving Combs with "post-traumatic reflex sympathetic dystrophy" of the right foot; (3) a compression fracture of the 12th dorsal vertebra, disagnosed as "old" in 1957.[1] Combs testified that he quit his job as a truck driver in 1959 because of pain in his back and left wrist and because pain in his leg prevented him from sitting or standing for long periods. After 1969 he tried several jobs but was unable to work regularly because of pain. He has not worked at all since 1959. To corroborate his testimony, Combs presented a neighbor who testified that in the spring of 1963 Combs was unable to work. A vocational expert testified that, with the disabilities Combs said he suffered in 1963, there would have been no jobs in the national economy that he could perform.

The admininstrative law judge made an explicit finding that Combs was "a sincere witness in his own behalf," App. 13, accepted his testimony of disability, and held that he was entitled to benefits. The Appeals Council reversed the hearing judge's decision, stating:

It is the opinion of the Appeals Council that the claimant, during the time in question, could have been engaged in his usual work as a truckdriver or other work similar to that performed by an unimpaired individual.

App. 7. The district court concluded that this decision was supported by substantial evidence. We hold that it is not, and reverse.

■ Of the four elements of proof relevant to disability, Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962), the record contains uncontradicted evidence on three. There are objective medical facts showing existence of the three injuries before 1963; claimant's subjective description of his pain and disability, corroborated by his neighbor; and evidence of claimant's educational and work background. The fourth element we identified in Underwood v. Ribicoff is missing: the record contains no medical opinions on "subsidiary questions of fact," i. e., claimant's ability to work in 1963. Such opinion evidence, however, is not the sole determinant of disbility, 20 C.F.R. § 404.1526, and we have held that subjective evidence is entitled to great weight, "especially where

1. All of the forms Combs filed prior to the administrative hearing indicated that the back fracture occurred at the same time as the wrist fracture, although there was some uncertainty about the date (1948, as opposed to 1949 or 1950). At the hearing, the administrative law judge apparently misread the medical report to indicate that the fracture occurred in 1957 rather than that it was diagnosed then and this misapprehension crept into the hearing when he asked Combs: "March 12, 1957, I believe, this happened, according to Exhibit 24, isn't that correct—that you had a fracture of your spine?" Combs answered, "Yes, sir, my spine." App. 40. The error was repeated by Combs' attorney at App. 50, and it may have affected the administrative law judge's decision, App. 12. The Appeals Council did not attempt to fix a date for the spine injury, but proceeded on the medical report's statement that it was "old" in 1957.

such evidence is uncontradicted in the record," Underwood v. Ribicoff, *supra,* at 852. *See also* Hayes v. Gardner, 376 F.2d 517 (4th Cir. 1967).

■ In this case the Appeals Council ignored the subjective evidence entirely. As to the wrist fracture, it stated: "Both his return to work and the absence of further mention in the record are persuasive indications that the injury did not result in serious functional limitations." As to the gunshot wound, it said: "There is no indication that following this procedure, and the healing of the wound, the claimant had further complications or difficulty with his leg. He, in fact, again returned to work and had substantial earnings for several years thereafter." And, with regard to the back injury, it said: "There is no specific information concerning this disorder and it did not prevent the claimant from working thereafter." These statements are apparently the sole premise for the Appeals Council's final conclusion that Combs was not disabled in 1963.[2]

■ This conclusion is not supported by substantial evidence. First, the inferences that the council drew from the absence of medical records and Combs' ability to work in 1949 and 1951 are insubstantial. They do not relate directly to Combs' condition in 1963, they are considerably weakened by the fact that Combs did not keep a steady job after 1959, and they do not take account of the combined effect of the three injuries. Lackey v. Celebrezze, 349 F.2d 76 (4th Cir. 1965). Second, the inferences are contrary to Combs' testimony about his pain and disability. The Appeals Council may be entitled to disbelieve the claimant's testimony, even though uncontradicted in the record, but we think it must make a specific holding on the

point when the hearing judge has found the claimant's testimony credible. *See* Selewich v. Finch, 312 F.Supp. 191, 195 (D.Mass.1969); Egan v. Gardner, 277 F.Supp. 929 (N.D.Cal.1968); *cf.* Universal Camera Corp. v. NLRB, 340 U.S. 474, 492–497, 71 S.Ct. 451, 95 L.Ed. 456 (1951). In this case the Appeals Council did not even acknowledge the claimant's testimony; its summary of the evidence omits all mention of Combs' description of his disability. The Secretary must consider this evidence. De-Paepe v. Richardson, 464 F.2d 92 (5th Cir. 1972); Bittel v. Richardson, 441 F.2d 1193 (3d Cir. 1971); Moore v. Finch, 418 F.2d 1224 (4th Cir. 1969); Underwood v. Ribicoff, *supra.*

Accordingly, we reverse the district court and remand with instructions to reverse the Secretary's denial of benefits and remand for further administrative proceedings.

Reversed and remanded.

2. The regulations that the Secretary has promulgated pursuant to 42 U.S.C. §§ 405(a) and 423(d)(5) may be read to require the claimant to furnish medical opinion evidence as part of his burden of proof. In this case the Appeals Council did not mention or rely on these regulations. Consequently we do not know how the Secretary

interprets them. Moreover, we are unwilling to affirm the Secretary's decision on a basis not mentioned in the administrative record. *See* SEC v. Chenery Corp., 318 U.S. 80, 63 S.Ct. 454, 87 L.Ed. 626 (1943). The pertinent regulations are 20 C.F.R. §§ 404.1523 and 404.1524(c).