857 F.2d 1474
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Maxine CRAFT, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH & HUMAN SERVICES, Defendant-Appellee.
 No. 87-5968.
 United States Court of Appeals, Sixth Circuit.
 Sept. 16, 1988.
 
 Before KEITH, KENNEDY and DAVID A. NELSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Appellant, Maxine Craft, appeals from the district court's judgment affirming the Secretary of Health and Human Services' ("Secretary") denial of supplemental security income benefits. For the reasons set forth below, we REVERSE the judgment and REMAND this action to the district court with directions to remand to the Secretary for the award of benefits.
 
 
 2
 Appellant filed an application for supplemental security income on April 3, 1984. Her claim was denied initially, on reconsideration and after a hearing and de novo review by an administrative law judge ("ALJ"). The Appeals Council denied appellant's request for review.
 
 
 3
 Pursuant to 42 U.S.C. Sec. 1383(c)(3), appellant sought judicial review of the Secretary's decision in the United States District Court for the Eastern District of Kentucky. The case was remanded to the Secretary. A new hearing was held and on November 17, 1986, the ALJ issued a decision recommending that appellant be found disabled. On February 26, 1987, the Appeals Council issued a final decision finding appellant not disabled. The district court affirmed the Secretary's decision.
 
 
 4
 Appellant is a fifty-one year old resident of Salyersville, Kentucky. Appellant has an eighth grade education, but has no vocational training. The medical evidence establishes that appellant has diabetes without end organ damage, uncontrolled accelerated hypertension, reduced vision, obesity, borderline I.Q. and an adjustment disorder.
 
 
 5
 Appellant also suffers from episodes of syncope. Although these episodes are not substantiated by medical evidence, appellant experienced a dramatic attack at the administrative hearing. Upon getting up after the hearing, appellant fell backwards striking her head against the wall. She lay quietly with her eyes closed for about thirty seconds and appeared to be unconscious. She then opened her eyes and whispered for about five minutes while repeating, "I'll be alright." She then got up and walked from the room moaning and declaring, "I'm sick."
 
 
 6
 The Sixth Circuit Court of Appeals has established the following test for judicial analysis of benefit denial cases:
 
 
 7
 1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. Sec. 404.1520(b); 20 C.F.R. Sec. 416.920(b).
 
 
 8
 2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. Sec. 404.1508; 20 C.F.R. Sec. 416.908.
 
 
 9
 3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to Step 4. If no, the claimant is not disabled. See 20 C.F.R. Secs. 404.1520(c), 404.1521; 20 C.F.R. Secs. 416.920(c), 416.921.
 
 
 10
 4. Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. Sec. 404.1509; 20 C.F.R. Sec. 416.909.
 
 
 11
 5. Does the claimant have any impairment or combination of impairments meeting or equalling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. See 20 C.F.R. Secs. 404.1520(d), 404.1526(a); 20 C.F.R. Secs. 416.920(d), 416.926(a).
 
 
 12
 6. Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work? If yes, the claimant is not disabled. If no, proceed to Step 7. See 20 C.F.R. Sec. 404.1520(e); 20 C.F.R. Sec. 416.920(e).
 
 
 13
 7. Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 C.F.R. Secs. 404.1505(a), 404.1520(f)(1); 20 C.F.R. Secs. 416.905(a), 416.920(f)(1).
 
 
 14
 Garner v. Heckler, 745 F.2d 383, 387 (6th Cir.1984).
 
 
 15
 The Secretary found that appellant did not have any impairment or combination of impairments listed in, or medically equal to those listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. The Secretary further found that appellant's complaints were credible to the extent that she was precluded from engaging in more than light work activity. Thus, the Secretary concluded that 20 C.F.R. Sec. 416.969 and 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 202.10 directed a conclusion that, considering appellant's residual functional capacity, age, education and work experience, she was not disabled. The district court found that the Secretary's decision was supported by substantial evidence.
 
 
 16
 "Judicial review of the Secretary's decision is limited in scope to determining whether the findings of fact ... are supported by substantial evidence...." Gardner, 745 F.2d at 387 (citing Watson v. Gardner, 381 F.2d 580, 585 (6th Cir.1967)). The Supreme Court has stated that substantial evidence is " 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " See Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229 (1938)).
 
 
 17
 The Secretary determined that appellant had no impairment or combination of impairments listed in, or medically equal to an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, Regulations No. 4. We find that the Secretary's conclusion is supported by substantial evidence. The medical evidence does not document: (1) weight levels at the appropriate amount; (2) x-ray evidence of arthritis; (3) diastolic blood pressure readings persistently in excess of 100 mm. Hg.; (4) hepatologaly, peripheral or pulmonary edema; (5) persistent edema; or (6) respiratory disease.
 
 
 18
 The Secretary also determined that appellant had no exertional limitations which would preclude her from engaging in light work. Thus, appellant was found not disabled by virtue of Rule 202.10 of the medical vocational guidelines, applicable to persons closely approaching advanced age, with limited education and the capacity to perform a full range of light work. However, in reaching this conclusion, the Secretary totally disregarded the evidence establishing appellant's episodes of syncope and rejected the ALJ's findings as to appellant's credibility with regard to this matter.
 
 
 19
 There can be no doubt that the ALJ is in the best position to evaluate the credibility of a witness' testimony. Beavers v. Secretary of Health, Education and Welfare, 577 F.2d 383, 387 (6th Cir.1978). Thus, special deference is owed to the credibility findings of a trier of fact. Id. In concluding that appellant could engage in no more than sedentary work activity, the ALJ specifically relied on appellant's testimony regarding her episodes of syncope and his personal observation of an episode following the hearing. The ALJ found that appellant's ability to work at heights, temperature extremes and around hazardous machinery was compromised by such episodes. Thus, the ALJ determined that appellant could perform sedentary work, but her capacity for the full range of sedentary work was reduced by the syncope.
 
 
 20
 In finding that the appellant could perform light work, the Secretary apparently rejected the credibility findings of the ALJ and totally disregarded evidence which was clearly central to the ALJ's decision. This court has held that "[i]f an Appeals Council decides to reject the credibility findings of an administrative law judge, or to disregard testimony which was clearly central to the administrative law judge's determination, it should do so expressly, identifying the considerations which led it to its conclusion." Beavers, 577 F.2d at 387 (citing Combs v. Weinberger, 501 F.2d 1361 (4th Cir.1974)). We find that the Secretary erred in failing to specifically identify the considerations which led it to reject the ALJ's credibility findings. We thus hold that the Secretary's decision is not based on substantial evidence.
 
 
 21
 We are in agreement with the ALJ that appellant can perform sedentary work, but her residual functional capacity for the full range of sedentary work is reduced by episodes of syncope. We thus find that there is no substantial evidence undercutting the reliability of appellant's testimony. Beavers, 577 F.2d at 388. Therefore, based on an exertional capacity for sedentary work, and appellant's age, education and work experience, 20 C.F.R. Sec. 416.969 and 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 201.09 direct us to conclude that appellant is disabled.
 
 
 22
 Accordingly, we REVERSE the judgment of the district court and REMAND this case, directing that benefits be granted.