**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-1574**

EVANGELINE G. SMITH,

           Plaintiff - Appellant,

      v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

           Defendant - Appellee.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Max O. Cogburn, Jr., District Judge.  (3:09-cv-00488-MOC-DSC)

Submitted:  November 30, 2011      Decided:  December 14, 2011

Before DAVIS, WYNN, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

David J. Cortes, ROBERTI, WITTENBERG, LAUFFER AND WICKER, Durham, North Carolina, for Appellant.  Anne M. Tompkins, United States Attorney, Jennifer A. Youngs, Assistant United States Attorney, Lisa G. Smoller, Special Assistant United States Attorney, Boston, Massachusetts, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Evangeline G. Smith appeals the district court's order affirming the Commissioner of Social Security's denial of her application for disability insurance benefits and supplemental security income. We must uphold the decision to deny benefits if the decision is supported by substantial evidence and the correct law was applied. Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (citing 42 U.S.C. § 405(g) (2006)). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. (internal quotation marks omitted). This court does not reweigh evidence or make credibility determinations in evaluating whether a decision is supported by substantial evidence; "[w]here conflicting evidence allows reasonable minds to differ," we defer to the Commissioner's decision. Id. We affirm.

Smith argues that the administrative law judge ("ALJ") erred in failing to obtain the opinion of Dr. Davis, her treating physician, or another medical expert as to whether she equaled Listing 1.02, Major Dysfunction of a Joint. The ALJ obtained the required medical opinion. "The signature of a State agency medical or psychological consultant on [a Disability Determination and Transmittal Form] . . . ensures that consideration by a physician (or psychologist) designated

2

by the Commissioner has been given to the question of medical equivalence at the initial and reconsideration levels of administrative review." Social Security Ruling ("SSR") 96-6p, 1996 WL 374180, at *3. Here, the record includes Disability Determination and Transmittal Forms signed by Dr. Kumar and Dr. Cruise.

Next, Smith contends that the ALJ erred in failing to discuss his reasons for concluding that Smith did not equal any listing. Specifically, Smith suggests that she may have medically equaled Listing 1.02 but that the ALJ did not mention this listing. Smith points to a July 2007 x-ray indicating she had a bony protrusion from her ankle and an August 2007 statement from Dr. Davis that she had severe bilateral pes planovalgus, causing a significant amount of pain and resulting in an inability to engage in prolonged standing or walking.

The Commissioner correctly observes, however, that the district court considered and rejected this argument during Smith's previous claim for disability benefits. The prior proceedings ended in a final judgment having preclusive effect. See Lively v. Sec'y of Health & Human Servs., 820 F.2d 1391, 1392 (4th Cir. 1987) ("Congress has clearly provided by statute that *res judicata* prevents reappraisal of both the Secretary's findings and his decision in Social Security cases that have become final, 42 U.S.C. § 405(h) [(2006)].". Additionally,

although the ALJ's explanation was cursory, we are satisfied that the ALJ considered the records Smith cites. Reading the ALJ's decision as a whole, substantial evidence supports the finding at step three of the sequential evaluation process as the ALJ's analysis at subsequent steps of the evaluation are inconsistent with meeting Listing 1.02. See Fischer-Ross v. Barnhart, 431 F.3d 729, 733-34 (10th Cir. 2005) (rejecting per se rule that failure to provide sufficient explanation at step three requires remand and holding that ALJ's finding at other steps of sequential evaluation may provide basis for upholding step three finding).

Smith also contends that the ALJ's pain analysis was deficient in several respects. She argues that the claimant carries a heavy burden at step one of the pain analysis and that step two is a de minimis test designed to weed out only spurious claims. Smith further asserts that, once a claimant satisfies step one by producing medical evidence demonstrating the existence of an impairment which could reasonably be expected to produce the pain alleged, the claimant is entitled to the benefit of "great weight" rule, recognized by Craig v. Chater, 76 F.3d 585 (4th Cir. 1996), affording the claimant's statements regarding the severity and limiting effects of pain a presumption of credibility. Smith argues that the ALJ committed

4

reversible error in failing to make an explicit step one finding and in failing to apply the great weight rule.

"[T]he determination of whether a person is disabled by pain or other symptoms is a two-step process." Id. at 594. First, the claimant must produce "objective medical evidence showing the existence of a medical impairment(s) *which could reasonably be expected to produce the pain alleged*." Id. (internal quotation marks omitted). Second, "the intensity and persistence of the claimant's pain, and the extent to which it affects her ability to work, must be evaluated." Id. at 595. The second step is analyzed using statements from treating and nontreating sources and from the claimant. 20 C.F.R. §§ 404.1529(a), 416.929(a) (2011). The relevant factors in evaluating the claimant's statements include consistency in the claimant's statements, medical evidence, medical treatment history, and the adjudicator's observations of the claimant. See SSR 96-7p, 1996 WL 374186, at *5-*8.

Here, the ALJ explicitly found that Smith satisfied step one of the pain analysis. However, Craig does not create or recognize a great weight rule affording the claimant a presumption of credibility at step two of the pain analysis based on a successful showing at step one. Craig notes that step one of the pain analysis is focused solely "on establishing a determinable underlying impairment — a statutory requirement

5

for entitlement to benefits." 76 F.3d at 594. Craig explains that, after the claimant crosses this threshold, "the intensity and persistence of the claimant's pain, and the extent to which it affects her ability to work, must be evaluated." Id. at 595. The claimant's own statements regarding her pain are not afforded any presumption; rather, "[u]nder the regulations, this evaluation [of the claimant's pain] must take into account not only the claimant's statements about her pain, but also all the available evidence, including the claimant's medical history, medical signs, and laboratory findings." Id. (internal quotation marks omitted).

Smith identifies cases that she contends support the existence of a great weight rule. Although these cases recognize that subjective evidence may be entitled to great weight, they do not rely on the finding at step one of the pain analysis. Rather, great weight is afforded to subjective evidence when it is either uncontradicted or supported by substantial evidence. See, e.g., Combs v. Weinberger, 501 F.2d 1361, 1362-63 (4th Cir. 1974) ("[W]e have held that subjective evidence is entitled to great weight, especially where such evidence is uncontradicted in the record.") (internal quotation marks omitted). Thus, Smith is not entitled to relief on this claim.

Smith's final argument is based on her observation that Dr. Davis opined that she should lie down/elevate her legs for two hours in an eight-hour day and that she could sit for only four hours and stand and walk each for only one hour. She argues that the ALJ erred in failing to give Dr. Davis' opinion controlling weight because the ALJ neither mentioned that opinion nor cited contrary evidence. Smith asserts that if Dr. Davis' opinion is given controlling weight, the ALJ's conclusion that she can perform sedentary work is not supported by substantial evidence.

As an initial matter, we note that the 2006 evaluation on which Smith relies falls outside the period relevant in this case and that Smith's present argument was rejected by the district court during her earlier attempt to secure disability benefits. Here, the ALJ referenced Dr. Davis' evaluations, including the June 2006 evaluation, and concluded Dr. Davis' opinion was consistent with a residual functional capacity for sedentary work with restrictions. In July and September 2006, Dr. Davis cleared Smith for "sitting down work." In August 2007, Dr. Davis indicated that Smith was only precluded from prolonged standing or walking. Accordingly, we conclude Dr. Davis' opinions are consistent with the ability to perform sedentary work.

Based on the foregoing, we conclude that substantial evidence supports the agency decision, and we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED