**Vernon GODFREY, Plaintiff,**

v.

**Michael J. ASTRUE, Commissioner of Social Security, Defendant.**

**No. 2:11–CV–17–BO.**

United States District Court, E.D. North Carolina, Northern Division.

May 15, 2012.

Kathleen S. Glancy, Wilmington, NC, for Plaintiff.

Robert K. Crowe, Social Security Administration, Baltimore, MD, for Defendant.

## ORDER

TERRENCE WILLIAM BOYLE, District Judge.

This matter is before the Court on the parties' Cross–Motions for Judgment on the Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure [DE 25, 27]. Mr. Godfrey alleges (1) that the Administrative Law Judge ("ALJ") erred in his determination of Mr. Godfrey's residual functional capacity ("RFC") and (2) that the hypothetical posed by the ALJ to the vocational expert ("VE") did not include all of Mr. Godfrey's limitations. For the reasons stated below, Plaintiff's Motion [DE 25] is GRANTED, Defendant's Motion [DE 27] is DENIED, and the decision of the Commissioner is REVERSED and REMANDED for an award of benefits.

## BACKGROUND

Plaintiff applied for Social Security disability insurance benefits on August 27, 2007, alleging an onset date of May 23, 2007. Tr. 132. His claim was denied initially, Tr. 58–61, and on reconsideration, Tr. 66–72. Plaintiff timely requested a hearing before an ALJ. Tr. 74–75. His hearing was held on September 28, 2009, before ALJ Larry A. Miller. Tr. 25, 27. ALJ Miller denied Plaintiff's claims in a decision dated October 20, 2009. Tr. 15–24. Plaintiff sought Appeals Council review of the ALJ's decision, which was denied on February 24, 2011, and ALJ Miller's decision then became the final agency determination. Tr. 1–3. Having exhausted his administrative remedies, Plaintiff filed a complaint in this Court on April 19,

2011 [DE 1]. The parties have each moved for judgment on the pleadings. A hearing on the cross-motions was held in Edenton, North Carolina, on May 9, 2012 [DE 33]. The motions are now ripe for adjudication.

### DISCUSSION

■■■ Under the Social Security Act, 42 U.S.C. § 405(g), and 1383(c)(3), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir.2005) (per curiam) (internal quotation marks omitted).

An individual is considered disabled if the individual is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other line of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

### I. The Five–Step Sequential Evaluation

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987). If a decision regarding disability can be made at any step of the process, however, the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, if the Social Security Administration determines that the claimant is currently engaged in substantial gainful activity, the claim is denied. If not, then step two asks whether the claimant has a severe impairment or combination of impairments. If the claimant has a severe impairment, it is compared at step three to those in the Listing of Impairments ("Listing") in 20 C.F.R. Part 404, Subpart P, App. 1. If the claimant's impairment meets or medically equals a Listing, disability is conclusively presumed. If not, at step four, the claimant's RFC is assessed to determine if the claimant can perform physical and mental work activities on a sustained basis despite limitations from his impairments. If so, the claim is denied. If the claimant cannot perform past relevant work, then the burden shifts to the Commissioner at step five to show that the claimant, based on his age, education, work experience, and RFC, can perform other substantial gainful work. *See* 20 C.F.R. § 404.1512(g). If the claimant cannot perform other work, then he is found to be disabled.

### II. The ALJ's Decision of October 20, 2009

In this case, the ALJ found that the claimant has not been under a disability, as defined in the Social Security Act, since May 23, 2007, the date of alleged onset. Tr. 15. At step one, the ALJ found that the claimant had not engaged in substantial gainful activity since May 23, 2007, the alleged onset date. Tr. 17. At step two,

he found that at all times relevant to this decision, the claimant had the following severe impairments: lumbar degenerative disc disease, right shoulder rotator cuff tear, diabetes mellitus, and hypertension. Tr. 17.

At step three, the ALJ found that the claimant has not had an impairment that met or medically equaled an impairment listed in 20 C.F.R. § 404.1520(d). Tr. 17. At step four, the ALJ found that Mr. Godfrey has the RFC to perform a narrow range of light work, including: "lifting and carrying, pushing and pulling 20 pounds occasionally and 10 pounds frequently." Tr. 18. The ALJ found the claimant to be capable of "sitting and standing 6 hours, and walking 6 hours in an 8–hour work day with a sit/stand option." *Id.* Finally, he concluded that Mr. Godfrey "is restricted to no reaching overhead with his right upper extremity and he can perform only occasional stooping, crouching, kneeling and crawling," but that he "has no manipulative, visual, communicative or environmental limitations." *Id.* Although the ALJ found that Mr. Godfrey was unable to perform any past relevant work, he did find that, considering the claimant's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that the claimant can perform. Tr. 22.

Because the Court holds that the ALJ's determination of Mr. Godfrey's RFC is not supported by substantial evidence, the Court reverses and remands for an award of benefits.

### A. The ALJ's determination of Mr. Godfrey's RFC is not supported by substantial evidence.

As noted above, the ALJ found Mr. Godfrey to be capable of performing a "narrow range of light work." However, this RFC fails to account for all of Mr. Godfrey's limitations in two ways: (1) the ALJ gave undue weight to the opinion of the State agency consultant without explaining why this opinion was entitled to greater weight than Mr. Godfrey's treating and examining sources and (2) the ALJ improperly discounted Mr. Godfrey's credibility.

### 1. The ALJ gave undue weight to the opinion of the State agency consultant.

In general, a State agency medical consultant's opinion may only be given weight "insofar as [it] is supported by evidence in the case record, considering such factors as the supportability of the opinion in the evidence including any evidence received at the administrative law judge and Appeals Council levels that was not before the State agency, the consistency of the opinion with the record as a whole, including other medical opinions, and any explanation for the opinion provided by the State agency medical ... consultant." S.S.R. 96–6p. However, the ALJ in this case, while noting that some of Mr. Godfrey's doctors opined "that the claimant can perform sedentary or no work," justified his RFC of a narrow range of light work because he "concurs with the findings by the State agency." Tr. 22.

Of Mr. Godfrey's four treating and examining physicians, none found Mr. Godfrey capable of more than three hours of sitting or more than two hours of standing or walking. Tr. 319; Tr. 325; Tr. 327. In failing to follow these opinions, the ALJ cited only the findings of the State agency, which consisted of the opinion of a Single Decision Maker, signed off on by a nonexamining State agency physician. Tr. 253; Tr. 301. Single Decision Makers process initial claims without using a medical consultant. 20 C.F.R. § 404.906. Although a physician did later sign off on the Single Decision Maker's opinion, that physician

was not a treating or examining physician of Mr. Godfrey's. Tr. 301. Social Security Ruling 96–6p allows such State agency opinions to be entitled to greater weight than the opinions of treating or examining sources when "the State agency medical or psychological consultant's opinion is based on a review of a complete case record that includes a medical report from a specialist in the individual's particular impairment which provides more detailed and comprehensive information than what was available to the individual's treating source." S.S.R. 96–6p. Dr. Burkhart, the State agency medical consultant, notes in his opinion that there was no treating or examining source statement as to Mr. Godfrey's physical capacities at the time he provided his opinion. Tr. 300. In other words, Dr. Burkhart's opinion is based on significantly less not more information about Mr. Godfrey's impairments.

Importantly, the Social Security Ruling instructs that a State agency consultant's opinion is to be "considered and addressed in the decision as [a] medical opinion[ ] from [a] nonexamining source[ ] about what the individual can still do despite his or her impairment(s)." S.S.R. 96–6p. The ALJ gave no reason for according controlling, or at least great, weight to the State agency consultant's opinion. Tr. 20; Tr. 22. This is particularly troubling when there were numerous opinions by treating and examining physicians in the record. Because the ALJ failed to articulate any reason to give greater weight to the State agency consultant's opinion than to Mr. Godfrey's treating and examining sources' opinions, and because the substantial evidence in the case as a whole does not support the conclusions of the State agency consultant, this Court finds that the ALJ erred in giving greater weight to Dr. Burkhart's opinion.

## 2. The ALJ used improper factors to discount Mr. Godfrey's credibility.

Social Security Ruling 96–7p describes the manner in which an adjudicator must evaluate the credibility of an individual's statements. Specifically, the adjudicator "must consider the entire case record and give specific reasons for the weight given to the individual's statements." S.S.R. 96–7p. In this case, the ALJ merely stated that "the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the [ALJ's] residual functional capacity assessment" because "there were inconsistencies with objective measurements." Tr. 21. Social Security Ruling 96–7p expressly acknowledges that "symptoms, such as pain, sometimes suggest a greater severity of impairment than can be shown by objective medical evidence alone." S.S.R. 96–7p; *see also Smith v. Astrue,* 457 Fed.Appx. 326, 329 (4th Cir.2011) ("great weight is afforded to subjective evidence when it is either uncontradicted or supported by substantial evidence."). Therefore, the ALJ is required to evaluate the claimant's credibility in the context of the case record as a whole. This the ALJ failed to do. Had he addressed factors such as Mr. Godfrey's medication and side effects thereof, as well as his multiple back surgeries and curtailed activities, the substantial evidence in the record as a whole could not have supported the ALJ's conclusion that Mr. Godfrey was not credible in his description of his symptoms and their severity. Tr. 310; Tr. 331–33; Tr. 360; Tr. 390; Tr. 425. Particularly compelling in this case is the fact that Mr. Godfrey returned to work after his first three back surgeries. Tr. 40–41. Further, his descriptions of his symptoms are consistent over multiple visits and not inconsistent with the objective medical evidence in the record. Tr. 390–434.

**B. Because the VE was already presented with a hypothetical that encompassed all of Mr. Godfrey's impairments, remand on the issue of Mr. Godfrey's disability is unnecessary.**

 When presented with a hypothetical that included all of Mr. Godfrey's limitations as described by his treating and examining sources, the VE testified that such limitations would preclude his ability to perform even a narrow range of light work. Tr. 52–53. Limited to sedentary work, and consistent with the substantial evidence presented in the record as a whole, Mr. Godfrey must be found to be disabled under Medical–Vocational Rule 201.14. Medical Vocational Rule 200.00 provides that "[w]here the findings of fact made with respect to a particular individual's vocational factors and residual functional capacity coincide with all of the criteria of a particular rule, the rule directs a conclusion as to whether the individual is or is not disabled." Mr. Godfrey's age, education and work experience require a disabled finding under Rule 201.14.

The decision of whether to reverse and remand for benefits or reverse and remand for a new hearing is one which "lies within the sound discretion of the district court." *Edwards v. Bowen,* 672 F.Supp. 230, 237 (E.D.N.C.1987); *see Evans v. Heckler,* 734 F.2d 1012, 1015 (4th Cir.1984). Because there is not substantial evidence in the record to support the ALJ's conclusion, and because the evidence as a whole requires a conclusion that Mr. Godfrey is disabled by application of Rule 201.14, the Court concludes that the Commissioner is obliged to find in favor of the claimant in this case.

### CONCLUSION

For the foregoing reasons, Plaintiff's Motion [DE 25] is GRANTED, Defendant's Motion [DE 27] is DENIED, and the decision of the Commissioner is REVERSED and REMANDED for an award of benefits.