**Joseph E. LIVELY, Plaintiff-Appellant,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.**

No. 87–3033.

United States Court of Appeals, Fourth Circuit.

Argued June 2, 1987.

Decided June 29, 1987.

John T. Birmingham, Oberlin, Ohio, (Kirk B. Roose, on brief), for plaintiff-appellant.

James A. Winn, Asst. Regional Counsel, Washington, D.C., Office of the General Counsel, Dept. of Health and Human Services (Beverly Dennis, III, Chief Counsel, Region III, Charlotte Hardnett, Supervisory Asst., Regional Counsel, Charlotte R. Lane, U.S. Atty., Charleston, W.Va., Amy M. Lecocq, Asst. U.S. Atty., on brief) for defendant-appellee.

Before WINTER, Chief Judge, WILKINS, Circuit Judge, and SMALKIN, United States District Judge for the District of Maryland, sitting by designation.

SMALKIN, District Judge:

On October 19, 1981, the appellant, a coal miner, was denied disability insurance benefits (DIB) under the Social Security Act, because he was not disabled under the Secretary's Grid Rules, 20 C.F.R. Part 404, Subpart P, App. 2. The particular Grid Rule applied was Rule 202.10, pertaining to persons under age 55, whose exertional limitations preclude more than "light work," as defined in the Secretary's regulations, 20 C.F.R. § 404.1567(b). The Administrative Law Judge, after full evaluation of the evidence, specifically found that Mr. Lively "has the residual functional capacity for substantial gainful activity of a light

nature." The Appeals Council affirmed the October, 1981 decision, and the appellant was unsuccessful in his quest for judicial review of that decision. It thus became final for all purposes.

On November 3, 1981, just several weeks after the ALJ's denial of his DIB claim, Mr. Lively became 55 years of age, thus qualifying as an individual of "advanced age" under the Secretary's regulations. 20 C.F.R. § 404.1563(d). A person with appellant's educational and vocational backgrounds, of advanced age, and limited to light work is considered disabled under the Grid Rules. 20 C.F.R. Part 404, Subpart P, App. 2, Rule 202.02. When plaintiff filed a second disability benefits application (on December 14, 1983), an ALJ hearing was held, which resulted in a conclusion that plaintiff was not disabled. The ALJ, without discussion of the 1981 finding that appellant was limited to light work, found that the claimant retained the functional capacity for the performance of work activity at any exertional level on and prior to December 31, 1981. After the ALJ's decision was adopted by the Appeals Council, the appellant sought judicial review, but a United States Magistrate concluded that the evidence before the ALJ on the 1983 application was sufficient to sustain his conclusion of non-disability as of December 31, 1981, the date on which appellant's insured status expired. The District Judge adopted the Magistrate's Report and Recommendation, and this appeal ensued. We reverse.

It is by now well-established that fundamental and familiar principles of *res judicata* apply in Social Security disability cases. *Benko v. Schweiker*, 551 F.Supp. 698, 701 (D.N.H.1982). Congress has clearly provided by statute that *res judicata* prevents reappraisal of both the Secretary's findings and his decision in Social Security cases that have become final, 42 U.S.C. § 405(h), and the courts have readily applied *res judicata* to prevent the Secretary from reaching an inconsistent result in a second proceeding based on evidence that

has already been weighed in a claimant's favor in an earlier proceeding. *Gavin v. Heckler*, 811 F.2d 1195, 1200 (8th Cir.1987). In the present case, it is true that the prior administrative proceeding did not result in a decision favorable to the appellant. Thus, *Gavin* is not strictly controlling. The statute upon which *Gavin's* holding rests, though, 42 U.S.C. § 405(h), gives finality to *findings*, as well as decisions, made in previous proceedings between the parties.

The first ALJ found, in 1981, that plaintiff was limited to light work, and the Secretary successfully defended that finding on judicial review.* Some two weeks after appellant was found limited to light work, he became 55 years of age. It is utterly inconceivable that his condition had so improved in two weeks as to enable him to perform medium work. Principles of finality and fundamental fairness drawn from § 405(h), as discussed above, indicate that the Secretary must shoulder the burden of demonstrating that the claimant's condition had improved sufficiently to indicate that the claimant was capable of performing medium work. *Cf. Dotson v. Schweiker*, 719 F.2d 80 (4th Cir.1983). Certainly, there was no evidence of any such miraculous improvement, and, as *Gavin* makes clear, 811 F.2d at 1200, such evidence, not considered in the earlier proceeding, would be needed as an independent basis to sustain a finding contrary to the final earlier finding.

Because the appellant was limited to light work when he attained 55 years of age, he was entitled to benefits on his second application therefor. Thus, the decision of the District Court will be reversed, and the matter will be remanded for the entry of judgment in favor of the appellant.

**REVERSED AND REMANDED**

---

* In reviewing the 1981 decision, the District Court, in an opinion filed November 18, 1983, specifically held that the Secretary's conclusion as to appellant's residual capacity to work (*i.e.,* limited to light work) was supported by substantial evidence. Mem.Op. at 6.