**Dorothy L. CARTER, Plaintiff,**

v.

**Jo Anne B. BARNHART, Commissioner of Social Security, Defendant.**

**No. 2:01CV00147.**

United States District Court, W.D. Virginia, Big Stone Gap Division.

Aug. 9, 2002.

John P. Bradwell, Shortridge & Shortridge, P.C., Abingdon, Virginia, for Plaintiff.

Julie C. Dudley, Assistant United States Attorney, Roanoke, Virginia, and Frank V. Smith, III, and Eda Giusti, Office of the General Counsel, Social Security Administration, for Defendant.

**OPINION**

JONES, District Judge.

In 1992 an administrative law judge found the Social Security claimant in this case disabled based on her severe back

---

impairment. In 2000, the same ALJ, relying in part on the same evidence, found the back condition not disabling. Because the ALJ did not adequately explain this apparent inconsistency, I find that the claimant's case must be remanded for further administrative proceedings.

## I

Dorothy L. Carter filed this action challenging the final decision of the Commissioner of Social Security ("Commissioner") denying the plaintiff's claims for a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI") benefits under titles II and XVI of the Social Security Act, 42 U.S.C.A. §§ 401–433, 1381–1383d (West 1991 and Supp.2002) ("Act"). Jurisdiction of this court exists pursuant to 42 U.S.C.A. §§ 405(g) and 1383(c)(3).

Carter applied for SSI benefits on April 28, 1998, and DIB benefits on June 19, 1998, alleging disability since December 15, 1997, and received a hearing before an administrative law judge ("ALJ") on September 2, 1999, and a supplemental hearing on May 4, 2000. By decision dated June 12, 2000, the ALJ found that the plaintiff was not disabled within the meaning of the Act. The Social Security Administration's Appeals Council denied review, and the ALJ's opinion constitutes the final decision of the Commissioner.

The plaintiff had previously been awarded SSI benefits by administrative decision dated October 30, 1992. However, these benefits were terminated in 1996 because the plaintiff married a spouse whose income made her ineligible to receive them.

The parties have briefed the issues, and the case is ripe for decision.

## II

The plaintiff was forty-one years old at the time of the ALJ's last decision, a younger individual under the regulations. She has a high school education along with two years of college credit and past relevant work experience as a cashier. She claims disability based on depression, migraines, degenerative changes in her back, and chronic obstructive pulmonary disease.

In the determination of the plaintiff's eligibility for SSI benefits in 1992, the ALJ relied upon medical reports from Kathleen A. Caizzi, M.D., and other hospital records to reach the conclusion that she had severe impairments consisting of a degenerative back condition and a hiatal hernia. Because of the plaintiff's lack of residual functional capacity, the ALJ determined that there were no jobs that existed in significant numbers that the plaintiff could perform, and therefore, she was disabled.

In the present case, the same ALJ again reviewed Dr. Caizzi's reports as well as evaluations from Leopoldo Bendigo, M.D., and the review of the plaintiff's medical records to date by Frank M. Johnson, M.D., a state agency physician. Contrary to his previous findings, this time the ALJ determined that the plaintiff did not have a severe back impairment and was not disabled.

The plaintiff challenges this determination based on *Lively v. Sec'y of Health & Human Servs.*, 820 F.2d 1391 (4th Cir. 1987). In *Lively*, an ALJ determined that although the Social Security claimant could not return to his past relevant work as a coal miner, he had the residual functional capacity to perform light work and was therefore not disabled under the regulations. *See id.* at 1391–92. Two weeks later, when the claimant reached the age of fifty-five, he filed a new claim. *See id.* At a subsequent hearing the ALJ found, without discussion of the prior adjudication, that the plaintiff could return to his coal mining job. *See id.* at 1392.

On review, the Fourth Circuit stated that the "fundamental and familiar principles of *res judicata* apply in Social Security cases." *Id.* As a result, the court held that the Commissioner "must shoulder the burden of demonstrating that the claimant's condition had improved significantly to indicate that the claimant was capable of performing" his past relevant work. *Id.*

In a later case, the Fourth Circuit explained that *Lively* was not predicated on the traditional doctrine of res judicata, but on "principles of finality and fundamental fairness ...." *See Albright v. Comm'r of the Soc. Sec. Admin.*, 174 F.3d 473, 477 (4th Cir.1999). The court held that a prior determination by the Commissioner is not conclusive and the Commissioner may reach a different result if there is substantial evidence of improvement in the claimant's condition. *See id.* The court instructed that the *Lively* decision was "best understood as a practical application of the substantial evidence rule." *Id.*

Based on this precedent, I find that the ALJ's decision in the present case is not supported by substantial evidence. This court reviews the Commissioner's final decision to determine whether it is supported by substantial evidence and whether the correct law was applied. *See* 42 U.S.C.A. § 405(g); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir.1990). Substantial evidence is " 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938)). I do not re-weigh conflicting evidence, make credibility determinations, or substitute my judgment for that of the Commissioner.

*See Hays*, 907 F.2d at 1456. It is the duty of the ALJ, not the courts, to make findings of fact and to resolve conflicts in the evidence. *See id.*

Before a court may find that an ALJ's decision is supported by substantial evidence, the ALJ's decision must analyze all the relevant evidence and sufficiently explain its findings and rationale. *See Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439 (4th Cir.1997); *Arnold v. Sec'y of Health, Educ. & Welfare*, 567 F.2d 258, 259 (4th Cir.1977).

In the initial determination of the plaintiff's SSI claim in 1992, the ALJ found that X rays, an MRI, and CAT scans performed by Dr. Caizzi, Norton Community Hospital, and Coeburn Clinic showed that the plaintiff had a severe back impairment. He also found that these records supported Dr. Caizzi's opinion that the plaintiff could not lift more than ten to fifteen pounds and was unable to perform prolonged sitting or standing.

In the present determination, the ALJ reviewed many of the same records and reached a contrary opinion. He concluded that the "[r]adiological records ... all show no more than minimal degenerative changes in the lumbar spine." (R. at 19.) In addition, he found that Dr. Caizzi's treatment of the plaintiff was conservative and her records contained "no more than minimal findings." (*Id.*)

It is true that in the present determination the ALJ relied on records that were not previously available, such as Dr. Bendigo's evaluation and the report of the state agency physician.[1] However, the ALJ did not explain his apparent inconsistent findings from the prior adjudication concerning the severity of the plaintiff's

---

1. While there were additional records introduced from Dr. Caizzi after 1992, Dr. Caizzi's diagnosis of Carter's condition appears to be substantially the same in 1992 and 1999. (R. at 266, 300.)

back condition. Nor did he expressly find any improvement in the plaintiff's condition. While the ALJ is not necessarily bound by his prior determination, he owed a duty to support his current findings with an adequate explanation. Because he did not do so, I find that the ALJ's decision is erroneous. *See Albright,* 174 F.3d at 475–78; *Lively,* 820 F.2d at 1392. The case must therefore be remanded for further consideration.

## IV

For the foregoing reasons, the case will be remanded for further administrative proceedings by the Commissioner. A separate judgment consistent with this opinion is being entered herewith.