[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPT 10, 2008
THOMAS K. KAHN
CLERK

_____

No. 08-11843
Non-Argument Calendar

_____

D. C. Docket No. 07-00001-CV-5-RS-MD

NERA RANDOLPH,

Plaintiff-Appellant,

versus

MICHAEL J. ASTRUE,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(September 10, 2008)**

Before DUBINA, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Appellant Nera Randolph appeals from the district court's order affirming

the administrative law judge's (ALJ) denial of his application for disability insurance benefits and supplemental security income benefits, 42 U.S.C. §§ 405(g) and 1383(c)(3). Randolph filed a previous application for a period of disability and/or disability insurance benefits in 2001. The prior ALJ denied his application, finding that he could perform sedentary work, and as such was not disabled. Randolph filed the present application in 2004. On appeal, Randolph argues that the ALJ erred by (1) failing to adopt the prior final determinations on his severity of impairments and residual functional capacity based on the principle of *res judicata*; (2) failing to fully consider the evidence relating to his spinal condition; and (3) improperly evaluating his subjective complaints of pain and finding him not entirely credible.

We review the ALJ's decision "to determine if it is supported by substantial evidence and based on proper legal standards." *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004) (quotation omitted). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion . . . . Even if the evidence preponderates against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Id*. at 1158-59 (quotation omitted). In conducting this review, we may not reweigh the evidence or substitute our

judgment for that of the ALJ. *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). "With respect to the Commissioner's legal conclusions, however, our review is *de novo*." *Lewis v. Barnhart*, 285 F.3d 1329, 1330 (11th Cir. 2002).

## I.

The Social Security Act directs that "[t]he findings and decisions of the Commissioner . . . after a hearing shall be binding upon all individuals who were parties to such hearing." 42 U.S.C. § 405(h). However, the Act also gives the Commissioner the authority to

> make rules and regulations and to establish procedures . . . which are necessary or appropriate to carry out such provisions, and shall adopt reasonable and proper rules and regulations to regulate and provide for the nature and extent of the proofs and evidence and the method of taking and furnishing the same in order to establish the right to benefits hereunder.

42 U.S.C. § 405(a). In accordance with the Act, the Commissioner's regulations direct that *res judicata* applies where the Commissioner has made a previous final decision based on the "same facts and the same issue or issues." 20 C.F.R. §§ 404.957(c)(1), 416.1457(c)(1).

While we have not ruled on the application of *res judicata* to subsequent unadjudicated periods or what constitutes the same "issue or issues," the Commissioner has issued Acquiescence Rulings in response to such determinations

3

from other circuits. Generally, the Fourth, Sixth, and Ninth Circuits agree that in order for a claimant "to overcome the presumption of continuing nondisability arising from the first administrative law judge's findings of nondisability, [he or she] must prove 'changed circumstances' indicating a greater disability." *Chavez v. Bowen*, 844 F.2d 691, 693 (9th Cir. 1988); *see also Lively v. Secretary*, 820 F.2d 1391, 1392 (4th Cir. 1987); *Drummond v. Comm'r.*, 126 F.3d 837, 842 (6th Cir. 1997). However, the Commissioner disagrees with the presumption of nondisability and issued Acquiescence Rulings after each of the above opinions explaining that the Social Security Administration's (SSA's) policy is as follows:

> if a determination or decision on a disability claim has become final, the Agency may apply administrative *res judicata* with respect to a subsequent disability claim . . . if the same parties, facts and issues are involved in both the prior and subsequent claims. However, if the subsequent claim involves deciding whether the claimant is disabled during a period that was not adjudicated in the final determination or decision on the prior claim, SSA considers the issue of disability with respect to the unadjudicated period to be a new issue that prevents the application of administrative *res judicata*. Thus, when adjudicating a subsequent disability claim involving an unadjudicated period, SSA considers the facts and issues *de novo* in determining disability with respect to the unadjudicated period. SSA does not adopt findings from the final determination or decision on the prior disability claim in determining whether the claimant is disabled with respect to the unadjudicated period.

Acquiescence Ruling (AR) 97-4(9); *see also* AR 94-2(4); AR 98-4(6).

4

Even if we do not follow SSA policy, we conclude that the ALJ did not err. Because the facts support a determination that Randolph had improved and should no longer be limited only to sedentary work, substantial evidence supports the ALJ's determination that Randolph's circumstances changed enough to warrant a departure from the prior ALJ's decision.

## II.

The ALJ must "carefully weigh evidence, giving individualized consideration to each claim that comes before him." *Miles v. Chater*, 84 F.3d 1397, 1401 (11th Cir. 1996). The ALJ has a duty to make clear the weight accorded to each item of evidence and the reasons for his decision in order to enable a reviewing court to determine whether the decision was based on substantial evidence. *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981). However, "there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision. *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005) (*quoting Foote v. Chater*, 67 F.3d 1553, 1567 (11th Cir. 1995)). *Id.* The ALJ's decision need not be a broad rejection which does not enable this Court to conclude that the ALJ considered the claimant's medical conditions as a whole." *Id.* Moreover, an ALJ can rely on a non-examining physician's report in denying disability insurance benefits where the non-examining physician's report does not

contradict information in the examining physician's reports. *Edwards v. Sullivan*, 937 F.2d 580, 584-85 (11th Cir. 1991).

The claimant bears the burden of proving that he has a severe impairment or combination of impairments. *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999). "An impairment or combination of impairments is not severe if it does not significantly limit [the claimant's] physical or mental ability to do basic work activities," 20 C.F.R. § 404.1521(a), while a severe impairment causes more than "a minimal limitation on a claimant's ability to function," *Davis v. Shalala*, 985 F.2d 528, 532 (11th Cir. 1993). A claimant's residual functional capacity (RFC) is "based upon all the relevant evidence, of a claimant's remaining ability to do work despite his impairments." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds" as well as "a good deal of walking or standing, or . . . sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 404.1567(b).

The record demonstrates that the ALJ carefully considered Randolph's medical condition as a whole, and substantial evidence supports the ALJ's findings that Randolph's back impairment was not severe and that Randolph was capable of performing light work. The record also indicates that the ALJ did not solely rely

6

on the opinion of the state agency physicians but considered the record in its entirety. Thus, we conclude that the ALJ did not err in assigning more weight to the expert opinions of the non-examining state agency physicians.

III.

In order to establish disability based on testimony of pain, a claimant must show the following: "(1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain." *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002). Additionally, "credibility determinations are the province of the ALJ." *Moore v. Barnhart*, 405 F.3d 1208, 1212 (11th Cir. 2005). An ALJ must articulate "explicit and adequate reasons" in order to discredit subjective testimony, and failure to do so "requires, as a matter of law, that the testimony be accepted as true." *Wilson*, 284 F.3d at 1225. However, we not require the ALJ to "specifically refer to every piece of evidence in his decision," so long as the decision is sufficient to allow us to conclude that the ALJ considered the claimant's medical condition as a whole. *Dyer v. Barnhart*, 395 F.3d at 1211.

We conclude from the record that the ALJ properly considered Randolph's subjective complaints of pain and medical conditions and articulated reasons for

7

discrediting Randolph's subjective testimony. Substantial evidence on the record supports the ALJ's findings that Randolph's statements concerning the intensity, duration, and limiting effects of the symptoms were not entirely credible, and thus, Randolph did not satisfy the three-part test for establishing disability based on testimony of pain.

For the above-stated reasons, we affirm the denial of disability and supplemental security income benefits.

**AFFIRMED.**