**Levonier ALDRIDGE, Plaintiff,**

v.

**Michael J. ASTRUE, Commissioner of Social Security, Defendant.**

No. 5:11–CV–403–BO.

United States District Court,
E.D. North Carolina,
Western Division.

July 14, 2012.

---

Lawrence Wittenberg, Roberti, Wittenberg, Lauffer & Wicker, P.A., Durham, NC, for Plaintiff.

Cassia W. Parson, Social Security Administration, Baltimore, MD, for Defendant.

## ORDER

TERRENCE WILLIAM BOYLE, District Judge.

This matter is before the Court on the parties' Cross–Motions for Judgment on the Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure [DE 14, 21]. For the reasons stated below, Plaintiff's Motion [DE 14] is GRANTED, Defendant's Motion [DE 21] is DENIED, and the decision of the Commissioner is REVERSED and REMANDED for an award of benefits.

## BACKGROUND

On August 6, 2001, Mr. Aldridge filed applications for disability insurance benefits and supplemental security income, alleging an amended onset date of March 18, 2000. On February 25, 2004, ALJ Larry A. Miller denied Mr. Aldridge's claim, finding that he had the RFC to perform sedentary work. Tr. 58. That decision is now the final decision of the Commissioner for that period and cannot be reopened.

On February 10, 2005, Plaintiff filed applications for disability insurance benefits and supplemental security income payments, alleging an onset date of March 18, 2000. Tr. 119–23, 520–23. This onset date was later amended to August 1, 2005. Tr. 183. His claim was denied initially, Tr. 524–26, and on reconsideration, Tr. 527–30. Plaintiff timely requested a hearing before an ALJ. Tr. 75. His hearing was held on June 6, 2007, before ALJ Juan C. Marrero. Tr. 65. ALJ Marrero denied Plaintiff's claims in a decision dated June 16, 2007. Tr. 62–74. Plaintiff sought Appeals Council review of the ALJ's decision. Tr. 90. On July 17, 2009, the Appeals Council remanded the case for additional evidence and further review. Tr. 98–100.

While the matter was pending before the Appeals Council, Plaintiff filed a subsequent claim for supplemental security income on October 6, 2008, alleging an onset date of June 21, 2007. Tr. 26. In a determination dated March 24, 2009, the Disability Determination Service ("DDS") found that Plaintiff was disabled as of this alleged onset date. Tr. 26. The Appeals Council vacated this determination, allowing the claimant to remain in payment status pending review by the ALJ. Tr. 98–100. On January 22, 2010, the ALJ issued a partially favorable decision and found that Plaintiff was disabled as of June 21, 2007, but not prior to that date. Tr. 26–37, Plaintiff sought review of this decision by

the Appeals Council. On July 15, 2009, the Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner. Tr. 9–11. Having exhausted his administrative remedies, Plaintiff filed a motion for leave to proceed *in forma pauperis*, with complaint attached, in this Court on August 2, 2011 [DE 1]. The parties have each moved for judgment on the pleadings. A hearing on the cross-motions was held in Raleigh, North Carolina, on June 27, 2012 [DE 25]. The motions are now ripe for adjudication.

### DISCUSSION

■■■ Under the Social Security Act, 42 U.S.C. § 405(g), and 1383(c)(3), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir.2005) (per curiam) (internal quotation marks omitted).

An individual is considered disabled if the individual is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 1382c(a)(3)(A); 42 U.S.C. § 423(d)(1)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other line of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B); 42 U.S.C. § 423(d)(2)(A).

### I. The Five–Step Sequential Evaluation

■■ Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987). If a decision regarding disability can be made at any step of the process, however, the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, if the Social Security Administration determines that the claimant is currently engaged in substantial gainful activity, the claim is denied. If not, then step two asks whether the claimant has a severe impairment or combination of impairments. If the claimant has a severe impairment, it is compared at step three to those in the Listing of Impairments ("Listing") in 20 C.F.R. Pt. 404, Subpt. P, App. 1. If the claimant's impairment meets or medically equals a Listing, disability is conclusively presumed. If not, at step four, the claimant's RFC is assessed to determine if the claimant can perform his past relevant work. If so, the claim is denied. If the claimant cannot perform past relevant work, then the burden shifts to the Commissioner at step five to show that the claimant, based on his age, education, work experience, and RFC, can perform other substantial gainful work. If the claimant cannot perform other work, then he is found to be disabled. *See* 20 C.F.R. § 416.920(a)(4).

### II. The ALJ's Decision of January 22, 2010

In this case, the ALJ found that the claimant had not been under a disability,

as defined in the Social Security Act, before June 21, 2007, the alleged onset date of his new application for social security income. However, the ALJ did find that he became disabled on that date and has continued to be disabled through the date of the ALJ's decision. Tr. 27. At step one, the ALJ found that the claimant had not engaged in substantial gainful activity since August 1, 2005, the amended alleged onset date. Tr. 29. At step two, he found that, from August 1, 2005 through June 20, 2007, the claimant had the following severe impairments: chronic obstructive pulmonary disease ("COPD") and nicotine addiction. Tr. 29.

■ At step three, the ALJ found that, prior to June 21, 2007, the claimant did not have an impairment that met or medically equaled an impairment listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. Tr. 31. At step four, the ALJ found that, prior to June 21, 2007, the claimant had the RFC to perform light work with environmental restrictions. Tr. 31. The ALJ found that, prior to June 21, 2007, Mr. Aldridge was capable of performing his past relevant work as a "data communications analyst/system technician." Tr. 35. Beginning on June 21, 2007, the ALJ found that the severity of the claimant's respiratory impairment met the criteria of Listing 3.02C1 of 20 C.F.R. Pt. 404, Subpt. P, App. 1. Tr. 36. The ALJ found that Mr. Aldridge's substance use disorder was not a contributing factor material to the determination of disability. Tr. 36. Because the Court holds that the ALJ's determination that Mr. Aldridge had the RFC to perform light work is not supported by substantial evidence, the Court reverses and remands for an award of benefits and declines to address Mr. Aldridge's other grounds for appeal.

A claimant's RFC describes what work-related functions the claimant can still perform despite his impairments. 20 C.F.R.

§§ 404.1545(a), 416.945(a). In this case, the ALJ determined that Mr. Aldridge had the RFC to perform light work with some environmental restrictions. The ALJ accorded only "little weight" to ALJ Miller's decision of February 25, 2004, which found that Mr. Aldridge could perform only sedentary work. Tr. 35. Although ALJ Marrero was not bound by ALJ Miller's decision as to Mr. Aldridge's RFC during the new relevant period, ALJ Miller's decision that Mr. Aldridge was limited to sedentary work was binding as to the period ending February 25, 2004. In his finding that Mr. Aldridge was capable of light work from August 1, 2005 until June 21, 2007, ALJ Marrero necessarily found that Mr. Aldridge's condition had improved since the date of ALJ Miller's decision—a conclusion that is not supported by substantial evidence on the record as a whole.

■ On April 21, 2004, Dr. Alicia Kerstyn, M.D., Mr. Aldridge's treating physician, stated that Mr. Aldridge had moderate to severe COPD and was "limited in his daily activities by his shortness of breath." Tr. 230. On May 4, Dr. Kerstyn noted that Mr. Aldridge had "severe obstructive lung disease," that he "is unable to work and has been unemployed for the time that [she has] been caring for him. He is quite limited in his daily activities due to shortness of breath. His disease is not curable and he will be dealing with this condition for the rest of his life." Tr. 226. In early June 2005, a pulmonary function test showed shortness of breath on exertion and wheezing and coughing during the test. Tr. 275, 279. On August 3, 2005, Mr. Aldridge's COPD was moderate to severe and he demonstrated "poor lung function." Although Mr. Aldridge had not been completely compliant with his medications, this was because he could not afford them. Tr. 343–44. Non-compliance due to inability to pay cannot be held

against a claimant. SSR 82–59; *Gordon v. Schweiker*, 725 F.2d 231, 237 (4th Cir. 1984).

In December 2005, Mr. Aldridge went to Duke Outpatient Clinic with a chronic cough. As a result of that visit, his dosage of Advair was doubled. Tr. 349–50. In February 2006, his inhaler strength was increased from 100/50 to 250/50. Tr. 351. In March 2006, Mr. Aldridge was admitted to the emergency room because of a COPD flare-up. He was short of breath, wheezing, coughing up dark mucus, and experiencing abdominal pain. Tr. 317, 327–30. Doctors recommended that Mr. Aldridge use home oxygen because "when he ambulates 20 feet on room air PT saturates to 85%, and he also would benefit from a rolling walker." Tr. 317, 319. He was given suggestions for energy conservation. Tr. 320. The medical impression was emphysema. Tr. 325. In February 2007, although Mr. Aldridge had stopped smoking and his condition had improved, he was still using two liters of oxygen at night and an Albuterol nebulizer several times a week. Tr. 302. In March 2007, he had been coughing up thick mucus for several days. Tr. 370.

■ In light of ALJ Miller's binding decision that Mr. Aldridge was limited to sedentary work through February 25, 2004, and in light of the lack of substantial evidence to support a conclusion that Mr. Aldridge's condition had improved to a degree that would allow him to perform light work beginning on August 1, 2005, ALJ Marrero's RFC calculation cannot stand. The Fourth Circuit has held that a prior adjudication by an ALJ awarding or denying benefits is highly probative, though not conclusive, in a subsequent application and adjudication for the same claimant. *Albright v. Commissioner of Social Sec. Admin.*, 174 F.3d 473, 477 (4th Cir.1999). In an Acquiescence Ruling, AR 00–1(4), 2000 WL 43774, at *3 (Jan. 12,

2000), the Social Security Administration explained that it would apply *Albright* in the Fourth Circuit by requiring an adjudicator to consider prior findings by an ALJ "as evidence and give it appropriate weight in light of all relevant facts and circumstances."

■ In evaluating the prior findings as evidence, the adjudicator considers "(1) whether the fact on which the prior finding was based is subject to change with the passage of time, such as a fact relating to the severity of a claimant's medical condition; (2) the likelihood of such a change, considering the length of time that has elapsed between the period previously adjudicated and the period being adjudicated in the subsequent claim; and (3) the extent that evidence not considered in the final decision on the prior claim provides a basis for making a different finding with respect to the period being adjudicated in the subsequent claim." 2000 WL 43774, at *4. If the Social Security Administration produces "substantial evidence of improvement in a claimant's condition, 'to indicate [for example] that [he] was capable of performing medium work,' the prior finding to the contrary need not have been sustained. Absent such evidence, however, common sense and logic dictated that [his] physical condition was unlikely to have improved significantly." *Albright*, 174 F.3d at 477 (quoting *Lively v. Secretary of HHS*, 820 F.2d 1391, 1392 (4th Cir.1987)).

As noted above, substantial evidence does not support the ALJ's finding that Mr. Aldridge's condition had improved since ALJ Miller's decision on February 25, 2004. Rather, the undisputed evidence in this case compels a finding that Mr. Aldridge's condition had not changed. During the period that ALJ Marrero concluded that Mr. Aldridge was capable of light work, Mr. Aldridge had numerous medical visits at which he presented with

COPD symptoms and physicians prescribed increased medications. After his hospital visit in 2006, home oxygen was added to his regimen. These facts are inconsistent with a finding that Mr. Aldridge's condition somehow abated for the period between August 1, 2005 and June 21, 2007. This Court finds that the record evidence demonstrates Mr. Aldridge was, at best, in the same condition during that time frame as he was at the time of ALJ Miller's decision and capable of not more than sedentary work.

Because he was limited to sedentary work during this time frame, Mr. Aldridge "gridded out" on his fiftieth birthday, February 4, 2006, as provided by 20 C.F.R. Pt. 404 Subpt. P, App. 2, § 201.06. The regulations provide that age cut-off lines in the grids are not to be applied mechanistically. 20 C.F.R. § 404.1563(a) ("If you are within a few days to a few months of reaching an older age category, and using the older age category would result in a determination or decision that you are disabled, we will consider whether to use the older age category after evaluating the overall impact of all the factors of your case"). In keeping with that principle, the Court holds that Mr. Aldridge was entitled to receive the benefit of the grids from the date of his alleged onset, August 1, 2005, as it was a mere six months shy of his fiftieth birthday.

 The decision of whether to reverse and remand for benefits or reverse and remand for a new hearing is one which "lies within the sound discretion of the district court." *Edwards v. Bowen*, 672 F.Supp. 230, 237 (E.D.N.C.1987); *see Evans v. Heckler*, 734 F.2d 1012, 1015 (4th Cir.1984). The Fourth Circuit has held that it is appropriate for a federal court to "reverse without remanding where the record does not contain substantial evidence to support a decision denying coverage under the correct legal standard and when reopening the record for more evidence would serve no purpose." *Breeden v. Weinberger*, 493 F.2d 1002, 1012 (4th Cir. 1974). In *Breeden*, the Fourth Circuit noted that "the statute governing review in Social Security cases authorizes [the court] to reverse the [Commissioner]'s decision 'with or without remanding the cause for a rehearing.'" *Id.* at 1011–12 (citing 42 U.S.C. § 405(g)).[1] It further held that such reversal without remand was appropriate where a case had been pending in the agency and courts for almost five years, a period less than that endured by Mr. Aldridge. Because there is not substantial evidence in the record to support the ALJ's conclusion, and because the evidence as a whole compels a conclusion that Mr. Aldridge was capable of only sedentary work during the relevant period and therefore "gridded out," the Court concludes that the Commissioner is obliged to find in favor of the claimant in this case.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion [DE 14] is GRANTED, Defendant's Motion [DE 21] is DENIED, and the decision of the Commissioner is REVERSED and REMANDED for an award of benefits.

SO ORDERED.

---

1. Specifically, the statute as currently codified provides that "[t]he [reviewing] court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g) (2010).