**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 15-2530**
_____

DENISE CUFFEE,

        Plaintiff - Appellant,

    v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security,

        Defendant - Appellee.

_____

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.   Mark S. Davis, District Judge.  (2:15-cv-00035-MSD-DEM)

_____

Argued:  December 9, 2016       Decided:  February 23, 2017

_____

Before GREGORY, Chief Judge, MOTZ, Circuit Judge, and Richard D. BENNETT, United States District Judge for the District of Maryland, sitting by designation.

_____

Affirmed by unpublished opinion.  Judge Bennett wrote the opinion, in which Chief Judge Gregory and Judge Motz joined.

_____

**ARGUED**: Paul Bradford Eaglin, OLINSKY LAW GROUP, Syracuse, New York, for Appellant.  Kent Pendleton Porter, OFFICE OF THE UNITED STATES ATTORNEY, Norfolk, Virginia, for Appellee.  **ON BRIEF**: Shekeba Morrad, OLINSKY LAW GROUP, Syracuse, New York, for Appellant.  Nora Koch, Acting Regional Chief Counsel, Stephen Giacchino, Supervisory Attorney, M. Jared Littman, Assistant Regional Counsel, Office of the General Counsel, SOCIAL SECURITY ADMINISTRATION, Philadelphia, Pennsylvania; Dana

J. Boente, United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

BENNETT, District Judge:

Denise Cuffee appeals from the district court's judgment upholding a decision of the Social Security Administration ("SSA"), which denied her application for disability insurance and supplemental security income benefits. The instant appeal is based on Ms. Cuffee's second application for benefits. She contends that substantial evidence does not support the decision of the Administrative Law Judge ("ALJ") not to adopt the residual functioning capacity ("RFC") determination made during appellant's prior application. For the reasons stated below, we affirm.

I.

On January 14, 2009, Cuffee filed her first application for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act, alleging disability beginning September 1, 2008. On that date, Cuffee sustained bilateral open tibial fractures from gunshot wounds to her leg and underwent corrective surgery to treat her injury. SSA denied her application for benefits. After conducting a hearing, Administrative Law Judge William T. Vest, Jr. concluded that appellant was not disabled and did retain the residual functional capacity ("RFC") to perform a limited range of <u>sedentary</u> <u>work</u> from September 1, 2008, the date

3

of the shooting incident and corrective surgery, through July 9, 2010, the date of the ALJ's Decision.[1]  Cuffee appealed ALJ Vest's Decision to SSA's Appeals Council, which denied her request for review.  Cuffee did not seek judicial review of the ALJ's decision.

Nearly three years after her initial injury, in September of 2011, Cuffee filed her second application for SSI and DIB benefits, again alleging disability beginning on September 1, 2008.[2]  She then voluntarily amended her alleged onset date to September 26, 2012 -- more than two years after the prior ALJ Decision and more than four years after her initial injury and corrective surgery.  Cuffee's application for benefits was denied initially on January 5, 2012 and denied upon reconsideration on April 4, 2012.

After conducting a hearing on October 1, 2013, ALJ Irving A. Pianin issued a Decision on October 16, 2013 concluding that Cuffee was not disabled at any time on or after her alleged onset date of September 26, 2012.  Specifically, ALJ Pianin

---

[1] Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met."
20 C.F.R. § 404.1567(a).

[2] It is this application that gives rise to the instant appeal.

concluded that appellant retained the RFC to perform a limited range of light work -- a less restrictive RFC determination than that made by ALJ Vest in his 2010 Decision.[3] Cuffee appealed ALJ Pianin's Decision to the Appeals Counsel, which denied her request for review, making ALJ Pianin's Decision the final decision of the Commissioner.

Cuffee filed a civil action in the United States District Court for the Eastern District of Virginia, seeking judicial review of the Commissioner's final decision. On April 15, 2015, the district court referred the matter to Magistrate Judge Douglas E. Miller to prepare a report and recommendation on the parties' cross-motions for summary judgment. On September 18, 2015, Magistrate Judge Miller issued a thirty-nine (39) page Report and Recommendation ("R&R"), recommending that the Commissioner's final decision be affirmed.

On October 2, 2015, Cuffee filed an objection to the Magistrate Judge's R&R, asserting that ALJ Pianin erred when he

---

[3] Light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time."
20 C.F.R. § 404.1567(b).

5

declined to adopt the RFC finding from ALJ Vest's 2010 Decision — the same issue now before this Court on appeal. After considering the record, the R&R, Cuffee's objection, and the Commissioner's response, U.S. District Judge Mark S. Davis overruled appellant's objection, adopted the R&R, and affirmed the Commissioner's final Decision denying appellant's claims for disability benefits.

On December 8, 2015, Cuffee timely noted her appeal of the district court's final order and judgment. The thrust of Cuffee's appeal is that ALJ Pianin erred by declining to adopt the RFC determination made during her prior SSA application.

II.

When reviewing a Social Security disability determination, a reviewing court must "uphold the determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." Pearson v. Colvin, 810 F.3d 204, 207 (4th Cir. 2015) (quoting Bird v. Comm'r of Soc. Sec. Admin., 699 F.3d 337, 340 (4th Cir. 2012)). Substantial evidence is that which "a reasonable mind might accept as adequate to support a conclusion." Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation marks omitted). It "consists of more than a mere scintilla of evidence but may be less than a preponderance." Hancock v. Astrue, 667

6

F.3d 470, 472 (4th Cir. 2012) (internal quotation marks omitted). "In reviewing for substantial evidence, we do not undertake to reweigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the [ALJ]." Johnson, 434 F.3d at 653 (quoting Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996)). "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [ALJ]." Id.

In considering an application for disability benefits, an ALJ uses a five-step sequential process to evaluate the disability claim. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4) (2016). The ALJ determines whether a claimant: first, is currently gainfully employed; second, has a severe impairment; and third, has an impairment that meets or equals the requirements of a listed impairment. Id. § 404.1520(a)(4)(i), (ii), (iii). Fourth, the ALJ considers the claimant's residual functional capacity to determine whether he can perform the functions of his past relevant work. Id. § 404.1520(a)(4)(iv). Fifth, the ALJ considers the claimant's age, education, work experience, and residual functional capacity to decide whether he can perform alternative work that exists in significant numbers in the national economy. Id. §§ 404.1520(a)(4)(v), 404.1560(c). The claimant bears the burden of proof for the

7

first four steps, but at the final, fifth step the Commissioner bears the burden to prove that the claimant is able to perform alternative work.  See Bowen v. Yuckert, 482 U.S. 137, 146 n.5, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987).


                              III.

Following this Court's decisions in Lively and Albright, in which we addressed the scope of res judicata in Social Security disability cases, the SSA issued Acquiescence Ruling 00-1(4) to explain the evidentiary weight the Commissioner would accord prior RFC determinations during subsequent disability applications.  Lively v. Secretary of Health and Human Services, 820 F.2d 1391 (4th Cir. 1987); Albright v. Comm'r of Soc. Sec. Admin., 174 F.3d 473 (4th Cir. 1999).  In AR 00-1(4), the Commissioner explained that:

> When adjudicating a subsequent disability claim arising under the same or a different title of the Act as the prior claim, **an adjudicator determining whether a claimant is disabled during a previously unadjudicated period must consider such a prior finding as evidence and give it appropriate weight in light of all relevant facts and circumstances.** In determining the weight to be given such a prior finding, an adjudicator will consider such factors as:
>
>   (1) whether the fact on which the prior finding was based is subject to change with the passage of time, such as a fact relating to the severity of a claimant's medical condition;
>
>   (2) the likelihood of such a change, considering the length of time that has elapsed between the

8

> period previously adjudicated and the period being adjudicated in the subsequent claim; and
>
> (3) the extent that evidence not considered in the final decision on the prior claim provides a basis for making a different finding with respect to the period being adjudicated in the subsequent claim.

AR 00-1(4) (S.S.A. Jan. 12, 2000), 2000 WL 43774 (emphasis added). Applying AR 00-1(4), one court in this Circuit has noted that, "[a]n ALJ does not necessarily have to walk through each factor in order to comply with AR 00-1(4); rather, reviewing and evaluating all the evidence presented at the correct standard complies with the acquiescence ruling." Grant v. Colvin, 2014 WL 852080, at *7 (E.D. Va. Mar. 4, 2014).

While the parties do not dispute that AR 00-1(4) governs the ALJ's analysis, appellant argues that the ALJ's decision not to adopt the prior RFC determination was not supported by substantial evidence.

Appellant asserts that because the nerve damage she sustained was permanent, her condition is not "subject to change with the passage of time." Appellant's Brief at 20. In support of this claim, Cuffee cites the notes of Dr. Williamson, the surgeon who operated on her in 2008 and who described the nerve damage as permanent and who opined that appellant should avoid "long term walking, ladders, stairs, and balancing activities." Id. at 22. Appellant further asserts that the three year span

between the two RFC determinations was too little time to warrant departure from the earlier determination. Id. at 24. While appellant recognizes that "the length of time between the decision dates is lengthier than a mere 2 weeks, as in the Lively case," she nonetheless contends that "it is utterly inconceivable that Ms. Cuffee's condition was capable of improvement over 3 years so as to enable her to perform light work." Id.

The Commissioner argues that under AR 00-1(4), "[a]n extended length of time elapsed between the period previously adjudicated and the period being adjudicated in the instant claim, which afforded the ALJ greater discretion to deviate from the prior ALJ finding." Appellee's Brief at 22. Appellee notes that ALJ Pianin's decision was rendered "more than four years after the injury and more than two years after" ALJ Vest's earlier RFC determination. Id. at 22-23(emphasis in original.) On this basis, appellee asserts that the "gap of several years between the relevant periods offers very little or no confidence that Cuffee's condition remained unchanged." Id. at 23.

The Commissioner further notes that while Ms. Cuffee's nerve damage may be permanent, "disability is not determined merely by the presence of impairments, but rather on the resulting functional limitations experienced by the claimant." Appellee's Brief at 27-28. See 20 C.F.R. § 404.1521. See also

10

Gross v. Heckler, 785 F.2d 1163, 1166 (4th Cir. 1986) (explaining that while medical conditions may exist, "none of [claimant's] ailments automatically entitle him to disability benefits"). "In other words, a condition or diagnosis may remain "permanent," while the symptoms and extent of limitations from that condition may improve." Appellee's Brief at 28.

We agree with appellee that the "extended length of time elapsed" since the prior RFC determination supports ALJ Pianin's decision not to follow the prior RFC determination. Furthermore, even though appellant's nerve damage may be permanent and not subject to the passage of time, the RFC is based on appellant's <u>functional</u> <u>limitations</u> — not her injuries alone. Gross v. Heckler, 785 F.2d 1163, 1166 (4th Cir. 1986). In his evaluation of appellant's functional limitations, ALJ Pianin noted several factors which reflect plaintiff's <u>improvement</u> in functioning between the first and second RFC determinations: treatment notes from September 30, 2008 indicate that Ms. Cuffee could "progress to weight bearing as tolerated"; by February 2009, Cuffee was ambulating with a walker; by April 2009, Cuffee used only a cane; and by the time of her October 2013 hearing before ALJ Pianin, "Cuffee could not even remember when she stopped using a cane." Id. at 25 (citing J.A. 15.) Coupled with record evidence showing that Ms. Cuffee declined to seek medical treatment for her leg pain, treated her pain

11

conservatively with over-the-counter medication, and capably performed activities of daily living (bathing, cooking, cleaning, shopping, etc.), the ALJ's decision to depart from the prior RFC was supported by substantial evidence.

Appellant also argues that the ALJ accorded improper weight to medical evidence produced after ALJ Vest's RFC determination. Appellant's Brief at 27-30. Cuffee asserts that because these notes and opinions were not rendered in the context of a long-term treatment relationship (such as that which appellant had with Dr. Williamson and on which ALJ Vest relied in reaching the earlier RFC determination), they should be accorded less weight.

Appellee does not respond directly to appellant's third argument (regarding the weight to be attributed to the new medical evidence), but notes that Dr. Grady's consultative examination, coupled with the other record evidence, constitutes substantial evidence in support of the ALJ's RFC determination.

Contrary to appellant's assertion, the results of Dr. Grady's consultative exam constitute more than a "scintilla" of evidence. Viewed alongside the evidence (discussed above) which indicates improvement in Ms. Cuffee's functioning, the ALJ's decision to attribute less weight to Dr. Williamson's nearly four year old opinion (and to ALJ Vest's RFC determination based on that medical opinion) was appropriate.

12

In sum, the ALJ's decision not to adopt the prior RFC determination was supported by substantial evidence.

## IV.

For the foregoing reasons, the judgment of the district court is

AFFIRMED.

13